IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| JAMES DECKER and THOMAS DECKER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | 1:23CV296 |
|  | ) |  |
| USAA CASUALTY INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

This is a garden variety insurance dispute between Plaintiffs James and Thomas Decker and Defendant USAA Casualty Insurance Company ("USAA") over proper collision coverage for damage to an automobile. Before the court is Plaintiffs' motion to remand. (Doc. 13.) For the reasons below, the motion will be granted, but Plaintiffs' request for attorney's fees and costs will be denied.

I.  BACKGROUND

On March 3, 2023, Plaintiffs brought this action against USAA via a complaint in the General Court of Justice, Superior Court Division, in Guilford County, North Carolina. (Doc. 4.) In their complaint, Plaintiffs allege the following:

Plaintiffs had an active property and casualty insurance policy, including collision coverage, with USAA. (Doc. 4 ¶ 3.) On April 10, 2022, Plaintiff James Decker's vehicle, a 2012

Mercedes Benz E350 (the "car"), was damaged in an accident. (Id. ¶¶ 4, 5.)  USAA obtained a repair estimate of $18,625.77 from Caliber-Gastonia and estimated the car's replacement value at "something over $19,000.00 but less than $20,000.00." (Id. ¶¶ 8, 9.)  Because USAA estimated the repair cost at more than 75% of the car's purported value, it informed Plaintiffs that the car would need to be declared a total loss and offered them USAA's valuation amount. (Id. ¶¶ 11, 14.)  Plaintiffs allege they conducted their own research as to the car's replacement value and determined that, given the prices of used vehicles at the time, it was more than $25,000. (Id. ¶¶ 7, 9.)  Plaintiffs thus chose instead to have the car repaired and afterwards had it inspected at a local Mercedes Benz dealership; the actual repair cost to Plaintiffs was $11,283.88. (Id. ¶ 12.)  When Plaintiffs demanded reimbursement of the repair cost, USAA insisted the car had been declared a total loss and refused to pay the claim. (Id. ¶¶ 13-15.)  USAA continued to charge Plaintiffs for collision coverage on the car "through at least the date of filing this Complaint." (Id. ¶ 15.)

Relying on these allegations, Plaintiffs brought two claims, the first alleging breach of contract for failure to compensate them as required by the policy (id. ¶¶ 16-18), and the second alleging an unfair or deceptive act or practice pursuant to North Carolina General Statute § 75-1.1 (id. ¶¶ 19-25).  Plaintiffs

2

request the following specific relief: (1) payment of "the collision coverage available under the Policy"; (2) "damages for invoicing for and collecting payments for collision coverage"; (3) treble damages pursuant to N.C. Gen. Stat. § 75; and (4) attorney's fees and costs pursuant to N.C. Gen. Stat. § 6-21.1 and/or § 75-1.16.  (Id. at 5.)

On April 7, 2023, USAA timely removed the action to federal court, asserting diversity jurisdiction.  (Doc. 1.)  On May 3, 2023, Plaintiffs timely moved to remand the action pursuant to 28 U.S.C. § 1447 (Doc. 13), contending the court lacks subject matter jurisdiction because the amount in controversy fails to "exceed[] the sum or value of $75,000" pursuant to 28 U.S.C. § 1332(a) (Doc. 14).  Plaintiffs also request an award of attorney's fees incurred to execute the remand, arguing that USAA "lacked an objectively reasonable basis for seeking removal."  (Id. at 4.)  USAA responded in opposition to Plaintiffs' motion to remand (Doc. 16), and Plaintiffs filed a reply (Doc. 18).  The motion is fully briefed and ready for decision.

## II. ANALYSIS

### A. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Here, USAA removed the action by asserting the court's diversity jurisdiction

3

pursuant to 28 U.S.C. § 1332(a).  (Doc. 1.)  Diversity jurisdiction requires a showing that the matter in controversy is between citizens of different states and exceeds the sum of $75,000.  28 U.S.C. § 1332(a).  Plaintiffs do not dispute that diversity of citizenship exists; however, they contend that USAA has not met its burden of establishing that the amount in controversy meets the jurisdictional requirement.  (Doc. 14 at 2-3.)

Courts look to a plaintiff's complaint to determine the amount in controversy, provided the complaint is made in good faith. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (citing Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981)).  Any jurisdictional requirements must be met at the time of removal of the case.  Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998); McDonald v. AutoMoney, Inc., 2021 WL 5599501, at *2 (M.D.N.C. Nov. 30, 2021) ("The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." (quoting Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2023))).  The party seeking removal bears the burden of proving jurisdiction by a preponderance of the evidence.  Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 748 (4th Cir. 2016) (citing Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)).  That is, the party "'must provide enough facts to allow a court to determine – not

4

speculate – that it is more likely than not' that the [case] belongs in federal court." Cannon v. AutoMoney, Inc., 2020 WL 3105183, at *3 (M.D.N.C. May 12, 2020) (quoting Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 197 (4th Cir. 2017)). When the amount of damages is unspecified in the complaint, the "defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" Scott, 865 F.3d at 194 (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)).

Here, the complaint seeks recovery of the "collision coverage available under the Policy," which Plaintiffs allege is the "costs to repair the Car" that Plaintiffs had "completely repaired" for $11,283.88. (Doc. 4 ¶¶ 12-14, and at 6 (prayer for relief).) The complaint also seeks the return of premium payments for collision coverage charged by USAA during the period it designated the vehicle a total loss, along with treble damages and attorney's fees. (Id. at 6.) In their motion to remand, Plaintiffs reiterate their demand, stating they seek either $11,283.88 for the repairs or, if the car must be given a salvage title, reimbursement of "one year's worth of collision coverage for the Car."[1] (Doc. 14

---

[1] Presumably, Plaintiffs mean that "[i]f the Car must be issued a salvage[] title[]" (Doc. 14 at 3), they request reimbursement for the premiums they paid for collision coverage in addition to the collision coverage for the car. USAA contends that it would at a minimum owe the "net total" based on the vehicle's actual cash value. (See Doc. 16-1 at 1-3 (identifying the net total value as $14,254.93).)

at 3; see also Doc. 18 at 3.) Even if these amounts are trebled and attorney's fees and costs are awarded, Plaintiffs contend the attorney's fees and costs would have to total over $40,000 to meet the jurisdictional threshold, an amount they contend would be unreasonable for an attorney to charge or for a court to award.[2] (Doc. 14 at 3.)

In response, USAA asserts the complaint could be read to request the market value of the car, estimated at $19,378.28 by USAA and at $25,000 or more by Plaintiffs. (Doc. 16 at 4.) USAA contends that a North Carolina regulation requires an insurer to "designate[] as a total loss" any "vehicle which has sustained damage in excess of 75% of its market value," which left USAA with no choice but to offer Plaintiffs the pre-accident value of the car and to refuse to instead pay for the repairs which USAA estimated to be $18,625.77. (Id. at 4-5; see 11 N.C. Admin. Code 04.0418.) USAA argues that if Plaintiffs' estimate of market value were to be awarded along with treble damages, the jurisdictional threshold would be met; likewise, it argues that if the lower market value of the car were awarded along with treble damages, it is probable the refund of the paid premium along with attorney's fees and costs would total more than the $16,865.17 needed to meet

---

[2] While § 1332(a) provides the amount in controversy excludes interest and costs, USAA properly states such amounts can be included where, as here, "a statute mandates or allows payment of attorney's fees." Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (quoting 15-102 Moore's Fed. Practice, Civil § 102.106(6)(a)).

6

the threshold. (Doc. 16 at 5-6.) Further, USAA asserts that Plaintiffs are barred from now attempting to reduce the amount of damages sought in order to defeat federal jurisdiction (id. at 6), claiming Plaintiffs failed to stipulate to a lower damages demand before USAA removed the action (id. at 3 n.1).[3]

A plaintiff is the master of his or her complaint, and thus claim. See Scott, 865 F.3d at 196; Lever v. Jackson Nat'l Life Ins. Co., 2013 WL 436210, at *2 (D.S.C. Feb. 5, 2013); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). Plaintiffs allege that the value of their car exceeds the "something over $19,000 but less than $20,000" value USAA asserted (Doc. 4 ¶ 9) and that the cost of repairs was $11,283.88 (id. ¶ 12). On Plaintiffs' allegations, therefore, the car could not be declared a salvage vehicle under North Carolina law. (See id. ¶ 14.) USAA seeks to defend the case by alleging that the car's repair cost is more than 75% of the value it placed on the vehicle, thus requiring

---

[3] While USAA points to Plaintiffs' failure to stipulate to a lower claim for damages as evidence that they, in fact, seek an award of more than $75,000, it bears noting that USAA states it emailed a request for stipulation on April 5, 2023 (Doc. 16 at 3 n.1), and it removed the action on April 7 (Doc. 1), only two days later.

7

its declaration as a salvage vehicle.[4]  While USAA's approach might arguably result in a larger damage award to Plaintiffs, it is not a consideration when calculating the amount in controversy for purposes of determining subject matter jurisdiction.  See <u>Lunsford v. Cemex, Inc.</u>, 733 F. Supp. 2d 652, 658 (M.D.N.C. 2010).  "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'"[5]  <u>Scott</u>, 865 F.3d at 196 (quoting <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 956 (10th Cir. 2008)).  Here, Plaintiffs only seek recovery of the $11,283.88 as repair costs rather than to have the vehicle declared a total loss (which Plaintiffs allege would be unnecessary even accepting USAA's valuation of the vehicle).  As the case proceeds, USAA may certainly raise and argue for its understanding of what the regulation requires.  However, Plaintiffs have cabined their claim so as to make an award over $75,000 unlikely.

To the extent Plaintiffs' complaint could be said to be indeterminate as to the amount of damages sought, Plaintiffs' subsequent filings confirm the court's understanding of the amount

---

[4] USAA contends it was unable to "reverse a mandatory determination of total loss" under the North Carolina regulation.  (Doc. 16 at 4-5.)

[5] USAA has not attempted to show that an award of attorney's fees and costs would bridge the gap between Plaintiffs' claimed relief of $33,851.64 ($11,283.88 trebled) and the jurisdictional threshold.

8

in controversy. When a plaintiff's complaint does not specify damages, a court may consider "any evidence of the amount in controversy." Lunsford, 733 F. Supp. 2d at 657 (quoting Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996)). Such evidence can include post-removal stipulations by the plaintiff regarding the amount in controversy. See, e.g., Gwyn, 955 F. Supp. at 46 (collecting cases). It is true a plaintiff cannot deprive the district court of jurisdiction by reducing his claim via post-removal stipulation. St. Paul Mercury, 303 U.S. at 292. However, when a court faces "indeterminate claims," it may "consider a stipulation filed by the plaintiff that [the amount in controversy is below the threshold amount]." Gwyn, 955 F. Supp. at 46; see also Hatcher v. Lowe's Home Ctrs., Inc., 718 F. Supp. 2d 684, 688 (E.D. Va. 2010) (collecting cases showing the same, although finding that, there, plaintiff's claim was not ambiguous). Under such circumstances, a post-removal stipulation is not an attempt to divest a federal court of jurisdiction, but rather an effort to clarify whether federal jurisdiction existed when the action was removed. Griffin v. Holmes, 843 F. Supp. 81, 88 (E.D.N.C. 1993).

Review of Plaintiffs' subsequent filings eliminates any claimed ambiguity regarding the amount in controversy. In their motion to remand, Plaintiffs state unequivocally that "Plaintiff James seeks $11,283.88" and that, if the car must be totaled, "Plaintiff Tom seeks reimbursement for . . . approximately one

9

year's worth of collision coverage for the Car." (Doc. 14 at 3.) In the same motion, Plaintiffs describe the case as one "wherein Plaintiffs seek $11,283.88." (Id. at 4.) Likewise in their reply brief, Plaintiffs assert they "need not contest the value of the Car in this lawsuit and can simply accept [USAA's] valuation of the Car as accurate" because the repairs "cost less than seventy-five percent . . . of [USAA's] valuation." (Doc. 18 at 1.) Plaintiffs claim USAA should have considered "the actual cost of the repair of the vehicle . . . when determining whether total loss occurred," and that the North Carolina regulation does not prevent it from doing so. (Id. at 2.) Thus Plaintiffs "do not" seek a "greater value for the Car"; "[t]hey seek a clean title and $11,283.88 as their primary relief." (Id.)

Should there remain any doubt as to whether the amount in controversy requirement has been met, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." Richardson v. Phillip Morris Inc., 950 F. Supp. 700, 701-02 (D. Md. 1997) (citations omitted); Mayor & City Council of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (urging courts to "strictly construe removal jurisdiction" and requiring "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary" (citations omitted)). Plaintiffs' complaint and subsequent filings demonstrate they seek collision coverage, damages, and attorney's

10

fees that are unlikely to cross the jurisdictional threshold. Plaintiffs' motion to remand will therefore be granted.

### B. Request for Attorney's Fees

Plaintiffs request an award of attorney's fees and costs associated with their motion to remand. (Doc. 14 at 4.) The removal statute, 28 U.S.C. § 1447(c), gives a district court discretion to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Common Cause v. Lewis, 956 F.3d 246 (4th Cir. 2020). However, "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiffs argue USAA had "no objectively reasonable basis for removing a case wherein Plaintiffs seek $11,283.88." (Doc. 14 at 4.) Where Plaintiffs' prayer for relief does not specify an amount but rather seeks an award of "the collision coverage available under the Policy" as well as treble damages and attorney's fees (Doc. 4 at 6), the court cannot say that USAA lacked an objectively reasonable basis for arguing that removal was permissible. This is especially true in light of Plaintiffs' apparent unwillingness to stipulate to a damages request below the court's jurisdictional requirement, which could have eliminated

11

any removal issue.  Thus, Plaintiffs' request for attorney's fees and costs will be denied.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiffs' motion to remand (Doc. 13) is GRANTED for lack of subject matter jurisdiction, and the case is REMANDED to the General Court of Justice, Superior Court Division, Guilford County, North Carolina; and

IT IS FURTHER ORDERED that Plaintiffs' request for attorney's fees and costs is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

July 24, 2023